UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| SERGEI VASENIN, KEMOYE MUSLAR, and CYNTHIA ACEVEDO, and a class of similarly situated people,<br><br>Plaintiffs,<br><br>v.<br><br>MARKWAYNE MULLIN, Secretary of the U.S. Department of Homeland Security, in his official capacity, *et al.*,<br><br>Defendants. | CAUSE NO. 3:26cv1582 DRL-SJF |

ORDER

Yesterday, Sergei Vasenin, Kemoye Muslar, and Cynthia Acevedo filed a preliminary injunction motion on behalf of a putative class of all civil immigration detainees at Miami Correctional Facility, seeking judicial intervention to address alleged unconstitutional issues with the provision of medical and mental healthcare and other conditions of confinement. They sue, as federal defendants, Secretary of the United States Department of Homeland Security (DHS) Markwayne Mullin, Acting Director David J. Venturella of United States Immigration and Customs Enforcement (ICE), Acting Executive Associate Director for Enforcement and Removal Operations (ERO) Marcos Charles, Director of ERO Chicago Field Office Frank Padula, as well as ICE and DHS. They also sue the Indiana Department of Correction (IDOC) Commissioner Lloyd Arnold, IDOC Chief Medical Officer Dr. Adrienne Bedford, and Warden Christopher Lee Dixson. The state defendants appeared and asked for more time to respond to an earlier motion to certify a class. No record of service has been filed for the federal defendants.

Before the court can address the request for a preliminary injunction, it requires notice to all defendants, Fed. Civ. P. 65(a)(1); *see also Wheeler v. Talbot*, 770 F.3d 550, 552 (7th Cir. 2014), and it will expect service of process. As it stands, these detainees have not filed a return of service for all defendants, though some have appeared. Focus should be given to accomplishing this task.

The state defendants asked for more time to respond to the class certification motion—then the only motion that was pending. Apparently the named noncitizens objected during a private consultation between counsel, but no objection has been filed here yet. That said, this morning the court received from the detainees a motion for a status hearing to address consolidated briefing, perhaps recognizing that many defendants, and including some who have not yet appeared, will have the right to respond to that same motion as well as the new motion for a preliminary injunction. This too is the court's normal protocol, and it will set a status conference by way of separate order to address briefing, a preliminary injunction hearing, and other matters.

As a last matter, Sergei Vasenin's habeas corpus petition under 28 U.S.C. § 2241 was granted not long ago, and the government confirmed that he has since been released, *Vasenin v. English*, 3:26cv615, Dkt. No. 25 (N.D. Ind. Nov. 13, 2026). Free from confinement, it would seem Mr. Vasenin has lost standing. *See TransUnion LLC v. Ramirez*, 594 U.S. 413, 431 (2021). The parties should be prepared to address this at the upcoming status conference as well.

Accordingly, the court ORDERS the plaintiffs to file a return of service for all defendants and otherwise to confirm, through filing of a notice, when they provided notice to defendants of the preliminary injunction motion (with service of all such materials on the defendants), particularly those who have not yet appeared in the case. Additionally, the court GRANTS the

motion for a status conference [55], with the date and time to be set by separate order, and GRANTS the state defendants' motion for extension [48], with deadlines to be set at said status conference pursuant to a consolidated briefing schedule. The court ORDERS the plaintiffs to provide notice of this order on all defendants yet to appear.

SO ORDERED.

November 20, 2026

*s/ Damon R. Leichty*
Judge, United States District Court